IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

S.B., as parent and next friend )
of N.J.B. )
                               )
v.                             ) NO. 3-15-0106
                               ) JUDGE CAMPBELL
MURFREESBORO CITY              )
SCHOOLS                        )

MEMORANDUM

Pending before the Court is Plaintiff's Motion for Enforcement of Judgment and Injunction (Docket No. 33). For the reasons stated herein, Plaintiff's Motion is DENIED.

This action was an appeal, pursuant to the Individuals with Disabilities Education Act ("IDEA") from the Final Order of an Administrative Law Judge. The Court, ruling on the parties' cross-Motions for Judgment on the Administrative Record, held that S.B.'s placement in public school in Murfreesboro and his IEP, as implemented, violated the IDEA.

The Court also found that S.B.'s placement at Intermountain Deaconess Children's Services ("Intermountain") in Helena, Montana was needed for Plaintiff to benefit from special education. Docket No. 29, p. 14. The Court held that "this private school placement [Intermountain] was reasonably calculated to provide meaningful access to education." *Id.*, p. 17. The Court held that Plaintiff's placement "at Intermountain" was appropriate and that Plaintiff was entitled to reimbursement for his private placement expenses. *Id.*

Through the pending Motion, Plaintiff asks the Court to require Defendant to pay for S.B.'s expenses at an entirely different school, not Intermountain. Citing the "stay put" provisions of the

IDEA, Plaintiff essentially argues that, pursuant to the Court's Order, Defendant is required to pay for any residential placement. The Court's Order clearly does not so provide.

The IDEA provides that during the pendency of any proceedings conducted under the IDEA, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child. 29 U.S.C. § 1415(j). The entire legal proceeding leading to and including this action was based upon the unilateral placement of S.B. at Intermountain. Apparently, unbeknownst to both the Court and Defendant, S.B.'s parents removed him from Intermountain during the pendency of this action, in violation of the very statute provision they seek now to enforce against Defendant.

The Court's Order simply does not and could not extend to any residential placement which S.B.'s parents select. The Administrative Law Judge and this Court evaluated and ruled on the appropriateness of Intermountain specifically.

For these reasons, Plaintiff's Motion (Docket No. 33) is DENIED.

IT IS SO ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE